UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL LEHR and COLLEEN LEHR,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FRANK M. PERRI; PERRI ELECTRIC, INC., a California Corporation; PERRI ELECTRIC INC. PROFIT SHARING PLAN; PERRI ELECTRIC INC. PROFIT SHARING TRUST FUND; and DOES 1-50,<br><br>　　　　Defendants. | No. 2:17-cv-1188 WBS AC<br><br><br>MEMORANDUM & ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

　　　　Plaintiffs Paul and Colleen Lehr brought this action against defendants Frank M. Perri ("Frank Jr."), Perri Electric, Inc. ("Perri Electric"), Perri Electric Inc. Profit Sharing Plan, Perri Electric Inc. Profit Sharing Trust Fund,[1] and Does 1-50,

---

[1] The court refers to the Profit Sharing Plan and the Profit Sharing Trust Fund collectively as the Profit Sharing Plans.

1

alleging violations of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ § 1001 et seq. Before the court is defendants Frank Jr.'s and Perri Electric's Motion for Summary Judgment. (Docket No. 40.)

I. Factual and Procedural Background

On September 1, 1961, defendant Perri Electric established the Perri Electric, Inc. Profit Sharing Plan for the exclusive benefit of all eligible employees and their beneficiaries. (Decl. of Carol Perri ("Carol Decl.") Ex. J, Perri Electric, Inc. Profit Sharing Plan Summary Plan Description (Docket No. 45-7).) Plaintiff Colleen Lehr started working at Perri Electric in 1977 and did so for approximately three decades. (See Decl. of Colleen Lehr ¶ 3 (Docket No. 49-4).) During her time at Perri Electric, Colleen was a trustee and participant in the Profit Sharing Plan.[2] (Carol Decl. Ex. H, Account Balance Statement (Docket No. 45-5).)

In March 2007, Perri Electric discovered that Colleen had embezzled over one million dollars from the company and its Profit Sharing Plans. (See Decl. of Frank M. Perri ("Frank Jr. Decl.") ¶ 3 (Docket No. 44).) Perri Electric terminated Colleen's employment on March 11, 2007 (Malysiak Decl. Ex. V, Colleen Lehr's Resp. to Req. for Admis. Nos. 9 & 10 (Docket No. 46-8)) and removed her as trustee of the Profit Sharing Plan later that year (Carol Decl. Ex. M, Resolution of Board of Directors (Docket No. 45-10)). In 2009, Perri Electric filed a

---

[2] Colleen never made any employee contributions to the Profit Sharing Plan during the course of her employment. (Decl. of Spencer T. Malysiak ("Malysiak Decl.") Ex. Z, Colleen Lehr's Resp. to Special Interrog. No. 46 (Docket No. 46-12).)

civil suit against Colleen in Sacramento Superior Court.  In
2011, Colleen filed a voluntary petition for a Chapter 7
bankruptcy in the Eastern District of California.  (Req. for
Judicial Notice Ex. OO, Chapter 7 Pet. Case No. 11-40159 (Docket
No. 48-11).)[3]  On February 25, 2014, Colleen pled guilty in the
Eastern District of California to making false statements in
ERISA documents, in violation of 18 U.S.C. § 1027, and was
ordered to pay Perri Electric $326,846 in restitution.  (Req. for
Judicial Notice Exs. MM & LL, Plea Agreement & Judgment, Case No.
2:12-CR-0022 LKK (Docket Nos. 48-9 & 48-8).)

        In response to Colleen's bankruptcy petition, Perri
Electric filed an amended complaint in the bankruptcy case for an
adversarial proceeding against Colleen and plaintiff Paul Lehr,
Colleen's husband.  (Req. for Judicial Notice Ex. II, Compl. to
Determine Debt Nondischargeable and Obj. to Dischargability Case
No. 11-02749 (Docket No. 48-5).)  The bankruptcy court entered a
judgment in favor of Perri Electric for $1,257,395 and held the
amount to be non-dischargeable.  (Req. for Judicial Notice Ex.
KK, Am. J. Regarding Civil Minute Order Dated Sept. 27, 2013 Case
No. 11-02749 (Docket No. 48-7).)  The bankruptcy court itemized

---

[3] The court GRANTS moving defendants' request that the court take judicial notice of material from the related bankruptcy and criminal proceedings to the extent the underlying facts are undisputed.  (See Docket Nos. 48-2, 48-5, 48-7, 48-8, 48-9 & 48-11.)  Public records are proper subjects of judicial notice.  See, e.g., United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (finding that courts can take judicial notice of pleadings and court orders that are matters of public record).

the following the damages: $802,887 for unauthorized payments for personal use, $6,004 for avoidable bank charges, $78,668 for company receipts deposited into Colleen's personal account, $42,995 for fraudulent charges on the company's MasterCard, and $326,851 for unauthorized retirement and company profit sharing distributions. (Id.) The order made these amounts directly payable to Perri Electric. (See id.)

On August 25, 2015, Paul sent $326,000 on behalf of Colleen's estate to the bankruptcy trustee. (See Decl. of Paul Lehr ¶ 5 (Docket No. 49-5); Frank Jr. Decl. Ex. C (Docket No. 44-2).) On October 5, 2015, the bankruptcy trustee sent a check in the amount of $326,846 to Perri Electric. (Frank Jr. Decl. Ex. C.) Perri Electric used the funds for its own business expenses, with a substantial portion going towards legal fees related to the adversarial proceedings. (Frank Jr. Decl. ¶ 6.) None of the $326,000 went to the company's Profit Sharing Plans. (See id.)

On January 27, 2017, plaintiffs sent a letter to defendant requesting they provide them with information about the Profit Sharing Plans as required by ERISA. (See Req. for Judicial Notice Ex. EE, Compl. ¶ 20 (Docket No. 48-1).)[4] Defendants did not respond to the request for information. In response to defendants' conduct, on June 07, 2017, plaintiffs

---

[4] The court GRANTS moving defendants' request that the court take judicial notice of plaintiffs' complaint filed in this action. Documents previously filed with the court in the instant litigation are subject to judicial notice. See Asdar Group v. Pillsbury, Madison and Sutro, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (taking judicial notice of undisputed facts contained in complaint). All remaining Requests for Judicial Notice (Docket No. 48) are DENIED as MOOT.

4

filed the Complaint, alleging the following causes of action under ERISA against all defendants: (1) violation of duty of loyalty regarding concealment or misstatement of information; (2) violation of duty of loyalty regarding misapplication of funds paid to Perri Electric by the bankruptcy estate; (3) breach of duty to act in accordance with the documents and instruments governing the plan; and (4) breach of prohibition on transactions between fiduciary and a party in interest. (Docket No. 1.) On July 27, 2017, defendants Frank Jr. and Perri Electric filed a motion to dismiss. (Docket No. 10.) The court denied the motion on October 17, 2017. (Docket No. 17.) These same defendants now move for summary judgment.

II. Discussion

A. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the movant can demonstrate that the non-moving

party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. Id. Any inferences drawn from the underlying facts must, however, be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B. Statutory Standing

To establish standing under ERISA, a former employee such as Colleen must make a "colorable claim" that she is a plan participant. See Leeson v. Transam. Disability Income Plan, 671 F.3d 969, 977 (9th Cir. 2012) (citing 29 U.S.C. § 1132(a)(1)(B)); see also 29 U.S.C. § 1132(a)(3). An ERISA plan participant is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). A claimant is a participant for the purposes of ERISA if the claimant has (1) "a reasonable expectation of returning to covered employment" or (2) "a colorable claim to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 103 (1989). A plaintiff must be a participant at the time they file their complaint to have standing under ERISA. See Crotty v. Cook, 121 F.3d 541, 547 (9th Cir. 1997). Colleen bears the burden of proving her participant status and thus her statutory standing. See Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1040 (11th Cir. 1998) ("A plaintiff . . . bears the burden of proving [her] entitlement to contractual benefits."); see also Leeson, 671 F.3d at 971 (holding that participant status is a substantive element of a

plaintiff's claim).

Colleen maintains that she has a colorable claim to vested benefits. Colleen asserts that her interest in the Profit Sharing Plans was $79,040.85[5] in 2007, which was the last time she had access to plan information. While Colleen concedes that she embezzled $326,851 from Perri Electric's Profit Sharing Distributions, she contends that she reimbursed the Profit Sharing Plans for any losses when the bankruptcy trustee tendered the $326,846 check to Perri Electric.[6] Colleen asserts that her claim to benefits, and thus her standing, revested upon that payment. In order to ascertain whether Colleen has standing under ERISA, the court must first determine whether Frank Jr. and Perri Electric had any obligation to remit the payment from Colleen's bankruptcy estate to the Profit Sharing Plans.

1. The Application of the Restitution Amount

Plaintiffs maintain that they made this payment to Perri Electric to satisfy the restitution order in the criminal proceeding. They argue that this money belongs to the Profit Sharing Plans because the amount of restitution is based directly on losses suffered by the plan.

The court discerns no mandate, however, in either the criminal case or the bankruptcy proceeding that required that this initial payment to Perri Electric be remitted to the Profit

---

[5] Even though moving defendants dispute the validity of this figure, the court assumes, without deciding, that this figure is accurate for the purposes of this motion.

[6] Plaintiffs do not claim that they have paid back the rest of the money Colleen owes Perri Electric under the judgment in the bankruptcy case.

7

Sharing Plans. Notably, the restitution order in the criminal case and the payee line on the check make the money payable to Perri Electric, not the Profit Sharing Plans. (See Req. for Judicial Notice Ex. FF, Order Granting Mot. to Approve Compromise and Authorize Interim Distribution Case No. 11-02749 ¶¶ 7-8 (Docket No. 48-2).) Even though the amount of restitution may be based on losses suffered by the Profit Sharing Plans, plaintiffs concede that Colleen misappropriated $930,549 from Perri Electric in addition to the money she took from the Profit Sharing Plans, and that she has an obligation to pay back that money as well. (See Req. for Judicial Notice Ex. KK, Am. J. Regarding Civil Minute Order Dated Sept. 27, 2013 Case No. 11-02749.) Accordingly, the court cannot conclude, based on the orders in the bankruptcy and criminal cases, that it was improper for Perri Electric to use this initial distribution to satisfy Colleen's separate obligation to repay the company.

Plaintiffs next claim that, by not remitting this payment to the Profit Sharing Plans, defendants breached their fiduciary duties--including a duty to act solely in the interest of the plan participants and beneficiaries. Even though Frank Jr. also insists that he is not a fiduciary of the plan, moving defendants maintain that they were not acting as fiduciaries when they used this payment to satisfy Perri Electric's business expenses.

ERISA defines a fiduciary "not in terms of formal trusteeship, but in functional terms of control and authority over the plan." Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993). Fiduciary status is not an all-or-nothing concept and

applies only when a party is performing a fiduciary duty. See Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 654 (9th Cir. 2019) (citations omitted). Parties that formally serve as fiduciaries may also act in other capacities, even capacities that conflict with their fiduciary duties. See Trs. of the Graphic Commc'ns Int'l Union Upper Midwest Local 1M Health & Welfare Plan v. Bjorkedal, 516 F.3d 719, 732 (8th Cir. 2008); see also Depot, Inc., 915 F.3d at 654 ("[A party] may be a fiduciary with respect to some actions but not others."). "ERISA does require, however, that the fiduciary with two hats wear only one at a time, and wear the fiduciary hat when making fiduciary decisions." Pegram v. Herdrich, 530 U.S. 211, 225 (2000). Accordingly, "the threshold question" is whether moving defendants "perform[ed] a fiduciary function" when they used the disputed funds for Perri Electric's business expenses. See Santomenno v. Transam. Life Ins. Co., 883 F.3d 833, 840 (9th Cir. 2018) (citation omitted). Whether an entity performed a fiduciary function in the relevant factual circumstances is a legal question that the court can resolve on summary judgment. See Varity Corp. v. Howe, 516 U.S. 489, 492 (1996).

   The Tenth Circuit's decision in Holdeman v. Devine, 474 F.3d 770 (10th Cir. 2007) is instructive on this point. In Holdeman, plaintiffs brought a class action against the chief executive officer of a company, alleging that he breached his fiduciary duties when he failed to allocate proper funding to the employees' medical benefit plan. See id. at 774-75. Plaintiffs challenged, in part, defendant's decision to distribute substantial amounts of the company's money to its principals

9

instead of the plan.  See id. at 780.  The Tenth Circuit held that it was "clear that [defendant] was acting in his capacity as CEO . . . and not in his capacity as plan fiduciary" when he decided how to allocate the company's funds.  Id.  The panel affirmed the district court's conclusion that defendant did not breach any fiduciary duty to the plan because he could make allocation-of-funding decisions only in his role as CEO of the company.  Id.

        The facts of this case compel a similar conclusion.  It is undisputed that the check issued by Colleen's bankruptcy trustee made the funds directly payable to Perri Electric.  (See Frank Jr. Decl. Ex. C.)  Because the money then belonged to the company, only in his role as president of Perri Electric did Frank Jr. have the authority to use these funds to cover Perri Electric's business expenses.  Indeed, like in Holdeman, Frank Jr. did not have any authority, in his alleged role as plan fiduciary, to make any decisions regarding the company's allocation of its assets.  Plaintiffs' arguments require the court to assume that these funds became assets of the Profit Sharing Plans upon payment.  As explained above, however, all relevant and undisputed evidence counsels against such a conclusion.  Because Frank Jr. was exercising discretionary control over assets of the company and not assets of the plan, he acted in a corporate capacity in deciding to use this money to satisfy Colleen's monetary obligations to the company. Accordingly, moving defendants did not breach a fiduciary duty in refusing to remit Colleen's payment to the Profit Sharing Plans.

### 2. Status of Colleen's Benefits

Given the above conclusion, defendants argue that Colleen cannot establish participant status, and thus standing, because the amount she owes the Profit Sharing Plans, $326,851, exceeds the amount she claims in vested benefits, $79,040.85.

In Parker v. Bain, 68 F.3d 1131 (9th Cir. 1995), the Ninth Circuit affirmed the district court's holding that a plaintiff lacked standing under ERISA where he breached his fiduciary duty to the plan by embezzling funds in excess of his claimed account balance. See id. at 1139. First, the Ninth Circuit held that the district court correctly concluded that the plaintiff was a de facto fiduciary of the plan when he directed employees of the company to transfer assets of the plan to a general operating account. Id. Plaintiff's actions breached his fiduciary duty to the plan because they were clearly contrary to the interests of plan participants and beneficiaries. See id. at 1140 (citing 29 U.S.C. §§ 1104(a)(1)(A) & 1106(b)(2)). Second, the panel concluded that the district court properly set off plaintiff's interest in the plan against the damages resulting from the breach. Id. Where the amount embezzled exceeds the amount the plan owes the plaintiff, the plaintiff cannot bring a claim as a participant and thus lacks statutory standing. See id. at 1141.

Parker controls the court's analysis in this case. First, plaintiffs cannot and do not dispute that Colleen acted as a de facto fiduciary when she misappropriated $326,851 from the plan and that such misappropriation constitutes a breach of her

11

fiduciary duty to the plan.  See also Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 571 (1985) (observing that fiduciaries have a duty to ensure that "a plan receives all funds to which it is entitled").  Second, consistent with ERISA, the court can set off the money Colleen owes to the plan against the money owed to her by the plan.[7] Even though defendants did not plead set off as an affirmative defense, the bankruptcy judge already ordered Colleen to pay $326,851 in damages for money she took from the company's Profit Sharing Distributions.  (Req. for Judicial Notice Ex. KK, Am. J. Regarding Civil Minute Order Dated Sept. 27, 2013 Case No. 11-02749.)  This amount dwarfs what she claims she had in vested benefits in 2007.  Colleen provides the court with no evidence that shows that her vested benefits at the time of filing this complaint exceed the amount she embezzled from the plan.  See Horton, 141 F.3d at 1040 (placing the burden on the plaintiff to prove their entitlement to benefits).

Consistent with Parker, the court finds that the money Colleen owes the plan exceeds any money the plan may owe her. Accordingly, Colleen has no colorable claim to benefits and, as a result, cannot bring a claim as a participant[8] in the plan

---

[7] Plaintiff argues that 29 U.S.C. 1056(d)(4) prohibits this court from offsetting Colleen's benefits from the amount she owes the Profit Sharing Plan.  To the contrary, in Parker, the Ninth Circuit concluded that ERISA's antialienation provision does not prevent a company from withholding benefits from a participant it believes to have wronged the plan.  68 F.3d at 1140 (citing Coar v. Kazimir, 990 F.2d 1413, 1419 (3d Cir. 1993)).

[8] Plaintiffs contend that the judgment Perri Electric has against Colleen is irrelevant because the present action is

against moving defendants for the breach of fiduciary duty. The court will thus grant summary judgment for moving defendants on the grounds that plaintiffs[9] lack statutory standing under ERISA.[10]

IT IS THEREFORE ORDERED that Frank M. Perri's and Perri Electric, Inc.'s Motion for Summary Judgment (Docket No. 40) be, and the same hereby is, GRANTED as to these defendants only.[11]

Dated: April 9, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

brought on behalf of the plan participants, not just Colleen. Plaintiffs' argument fails because they have not joined any other plaintiffs and did not move for class certification.

[9] Plaintiffs concede that Paul's standing, as Colleen's spouse and beneficiary, is entirely dependent upon Colleen's status as a participant. Accordingly, because the court holds that Colleen does not have standing under ERISA, Paul also does not have standing to bring any of these claims.

[10] Because the court concludes that plaintiffs do not have standing under ERISA, it does not address the other grounds put forth in moving defendants' motion for summary judgment.

[11] Although defense counsel has implied elsewhere in the docket that he also represents the Profit Sharing Plans (see Docket Nos. 9, 10 & 11), he clarified at oral argument that he represents only Frank Jr. and Perri Electric.

13