UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PAUL LEHR and COLLEEN LEHR,

             Plaintiffs,

    v.

FRANK M. PERRI; PERRI ELECTRIC,
INC., a California Corporation;
PERRI ELECTRIC INC. PROFIT
SHARING PLAN; PERRI ELECTRIC
INC. PROFIT SHARING TRUST FUND;
and DOES 1-50,

             Defendants.

No. 2:17-cv-1188 WBS AC

ORDER RE: DEFNDANTS FRANK M.
PERRI'S AND PERRI ELECTRIC
INC.'S REQUEST FOR ATTORNEYS'
FEES AND COSTS

----oo0oo----

        Plaintiffs Paul and Colleen Lehr brought this action

against defendants Frank M. Perri ("Frank Jr."), Perri Electric,

Inc. ("Perri Electric"), Perri Electric Inc. Profit Sharing Plan,

Perri Electric Inc. Profit Sharing Trust Fund, and Does 1-50,

alleging violations of the Employee Retirement Security Act of

1974 ("ERISA"), 29 U.S.C. §§ § 1001 et seq.  Before the court is

defendants Frank Jr.'s and Perri Electric's Motion for Attorneys' Fees and Bill of Costs.  (Docket Nos. 57 & 58.)

I.   Background

This court described much of the factual and procedural background to the lawsuit in its order on summary judgment. (Mem. & Order: Re Mot. for Summ. J. ("Summ. J. Order") (Docket No. 56).)  The court granted moving defendants' motion for summary judgment on the grounds that plaintiffs lacked statutory standing under ERISA.  (See id. at 13.)  In light of the judgment in their favor, moving defendants now move for attorneys' fees and costs.

II.  Discussion

A.   Attorneys' Fees

ERISA provides that "[i]n any action under this subchapter (other than an action described in paragraph (2))[1] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  By its express terms, the statute authorizes an award of attorneys' fees "only when the action is brought by one of the parties enumerated in § 1132(g)(1)."  See Corder v. Howard Johnson & Co., 53 F.3d 225, 229 (9th Cir. 1994).

The court previously found that plaintiffs are not any of the parties enumerated in Section 1132(g)(1).  On summary

---

[1]   Paragraph 2 of 29 U.S.C. § 1132(g) provides for mandatory attorneys' fees and costs in actions for the payment of delinquent contributions under 29 U.S.C. § 1145.  See 29 U.S.C. § 1132(g)(2).  The parties agree that this subdivision is not applicable in this case.  (See Defs.' Mem. at 4 (Docket No. 59); Pls.' Opp'n at 2 (Docket No. 95).)

judgment, the court held that Colleen Lehr did not have standing under ERISA as a plan participant because she lacked a colorable claim to vested benefits. (See Summ. J. Order at 11-13.) Consequently, the court concluded that Paul Lehr did not have standing either because his standing, as Colleen's spouse and beneficiary, was dependent on her status as a plan participant. (See id. at 13 n.9.)

Ninth Circuit case law recognizes two exceptions to this general rule. The first exception allows a court to "assess attorney's fees against a multi-employer benefit plan that unsuccessfully sues an employer for non-payment of ERISA contributions." Corder, 53 F.3d at 230 (citing Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1415-16 (9th Cir. 1984)). The second exception authorizes courts to award attorneys' fees against a party who "survives summary judgment and actually tries its case on the colorable theory that it is one of the enumerated parties specified in § 1132(g)(1)" and then "fails to prevail on that ground because its claim lacks any evidentiary basis." Id. at 230-31 (citing Credit Managers Ass'n of S. California v. Kennesaw Life & Accident Ins. Co., 25 F.3d 743, 747 (9th Cir. 1994)).

The first exception does not apply because moving defendants do not seek an award of fees against a multi-employer benefit plan. Moreover, moving defendants cannot rely on the second exception created in Credit Managers. For this exception to apply, plaintiffs must have survived summary judgment on the theory that they are one of the parties enumerated in Section 1132(g)(1). See Corder, 53 F.3d at 230-31 (holding that this is

3

a requirement for the <u>Credit Managers</u> exception to apply)[2]; <u>see also Lifecare Mgmt. Servs., LLC v. Zenith Am. Sols., Inc.</u>, No. 3:15-cv-00307 RCJ VPC, 2017 WL 2587602, at *2 (D. Nev. June 14, 2017) ("<u>Corder</u> establishes that before attorneys' fees may be awarded against a plaintiff in an ERISA action, the plaintiff must at least survive summary judgment on the <u>possibility</u> that it is an enumerated party under § 1132(g)." (emphasis in original)). Because the court's found on summary judgment that plaintiffs lacked standing under Section 1132, this court lacks authority to award moving defendants fees. <u>See Corder</u>, 53 F.3d at 231.

Accordingly, this court must deny moving defendants' motion for attorneys' fees.

B.  Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure governs the taxation of costs, which are generally subject to limits set under 28 U.S.C. § 1920. <u>See</u> 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees-should be allowed to the prevailing party."); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 440-45 (1987) (limiting taxable costs to those enumerated in § 1920). While 29 U.S.C. § 1132(g)(1) is another federal statute that provides for costs in applicable ERISA actions, the Ninth Circuit has held that "it does not

---

[2]  While moving defendants acknowledge that <u>Corder</u> contains such a requirement, they argue that "the ruling in <u>Credit Managers</u> is not so strict." (<u>See</u> Defs.' Reply at 2 (Docket No. 96).)  However, <u>Corder</u> binds this court as the later and controlling authority.  <u>See Miller v. Gammie</u>, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

necessarily preclude an award of costs pursuant to Rule 54(d)(1) or make an award of costs pursuant to Rule 54(d)(1) superfluous." See Quan v. Comput. Scis. Corp., 623 F.3d 870, 888 (9th Cir. 2010), abrogated on other grounds, Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409 (2014).

This court has discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920). However, Rule 54(d)(1) creates a presumption in favor of awarding costs to prevailing parties and the losing party must show why costs should not be awarded. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003); see also Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party").

Moving defendants are clearly prevailing parties under Rule 54, having received a complete grant of summary judgment. See Quan, 623 F.3d at 889; Bommarito v. Nw. Mut. Life Ins. Co., No. 2:15-cv-1187 WBS DB, 2018 WL 4657243, at *1 (E.D. Cal. Sept. 26, 2018). Moving defendants' bill of costs totals $180.84. They itemize $164.64 in transcript fees and $16.20 for the costs of making copies. Plaintiffs have not filed any objections and the court finds these costs to be proper. Transcript fees and copying costs are encompassed by 28 U.S.C. §§ 1920(2) and 1920(4) respectively. And the specific items were necessarily obtained for use in this case. See Alflex Corp. v. Underwriters Labs.,

1  Inc., 914 F.2d 175, 177 (9th Cir. 1990).

2          Accordingly, the court will allow $180.84 in costs for

3  moving defendants.

4          IT IS THEREFORE ORDERED that Frank M. Perri's and Perri

5  Electric, Inc.'s Motion for Attorneys' Fees (Docket No. 58) be,

6  and the same hereby is, DENIED.

7          IT IS FURTHER ORDERED that Frank M. Perri's and Perri

8  Electric, Inc.'s request for costs (Docket No. 57) be, and the

9  same hereby is, GRANTED.  Costs shall be taxed against plaintiffs

10  in the sum of $180.84.

11  Dated:  August 21, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE