UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL LEHR and COLLEEN LEHR,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRANK M. PERRI; PERRI ELECTRIC, INC., a California Corporation; PERRI ELECTRIC INC. PROFIT SHARING PLAN; PERRI ELECTRIC INC. PROFIT SHARING TRUST FUND; and DOES 1-50,<br><br>    Defendants. | No. 2:17-cv-1188 WBS AC<br><br>MEMORANDUM & ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiffs Paul and Colleen Lehr brought this action against defendants Frank M. Perri ("Frank Jr."), Perri Electric, Inc. ("Perri Electric"), Perri Electric Inc. Profit Sharing Plan, Perri Electric Inc. Profit Sharing Trust Fund,[1] and Does 1-50, alleging violations of the Employee Retirement Security Act of

---

[1] The court refers to the Profit Sharing Plan and the Profit Sharing Trust Fund collectively as "the Plan defendants."

1

1974 ("ERISA"), 29 U.S.C. §§ § 1001 et seq.  Before the court is the Plan defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Docket No. 91), which this court has converted into a motion for summary judgment (Docket No. 101).

This court described much of the factual and procedural background to the lawsuit in its order granting summary judgment to Frank Jr. and Perri Electric.  (Mem. & Order: Re Mot. for Summ. J. ("Summ. J. Order") (Docket No. 56).)  There, the court granted Frank Jr.'s and Perri Electric's motion on the grounds that plaintiffs lacked statutory standing under ERISA.  (See id. at 6-13.)  However, because counsel for those defendants clarified that he did not represent the Plan defendants, the court limited its grant of summary judgment to Frank Jr. and Perri Electric only.  (Id. at 13.)

The Plan defendants eventually filed their own motion to dismiss, though they did so after filing an answer.  (Docket Nos. 88, 91.)  The court then converted the motion to a motion for summary judgment because the motion to dismiss concerns a substantive element of plaintiffs' claims and matters outside the pleadings.  (Docket No. 101 (citing Leeson v. Transam. Disability Income Plan, 671 F.3d 969, 977 (9th Cir. 2012) ("[W]hether a plaintiff has statutory standing in an ERISA action is a merits-based determination, not a subject matter jurisdiction issue.").)

Plaintiffs concede that the court has already determined that they do not have statutory standing under ERISA to assert their claims against Frank Jr. and Perri Electric, and they apparently concede that this determination applies equally to their claims against the Plan defendants, though they continue

| | |
|---|---|
| 1 | to argue they have standing.  (See Pls.' Opp'n 2 (Docket No. |
| 2 | 100); Pls.' Supp. Opp'n 4-6 (Docket No. 107).)  The court |
| 3 | reaffirms its prior determination that plaintiffs do not have |
| 4 | standing with respect to their claims against Frank Jr. and Perri |
| 5 | Electric, and finds that this determination applies equally to |
| 6 | plaintiffs' claims against the Plan defendants.  (See Summ. J. |
| 7 | Order.)  Accordingly, the court will grant summary judgment to |
| 8 | the Plan defendants. |
| 9 | IT IS THEREFORE ORDERED that the Motion to Dismiss |
| 10 | brought by Perri Electric Inc. Profit Sharing Plan and Perri |
| 11 | Electric Inc. Profit Sharing Trust Fund (Docket No. 91) be, |
| 12 | and the same hereby is, converted to a motion for summary |
| 13 | judgment and is GRANTED.  Plaintiffs' claims against Perri |
| 14 | Electric Inc. Profit Sharing Plan and Perri Electric Inc. Profit |
| 15 | Sharing Trust Fund are hereby DISMISSED.  As all claims have now |
| 16 | been dismissed, the Clerk of Court shall enter final judgment in |
| 17 | favor of all defendants. |
| 18 | Dated:   September 25, 2019 |

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE